1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8
9
10

CHERISE B.,

11

Plaintiff,

CASE NO. 3:25-CV-5446-DWC

v.

12

COMMISSIONER OF SOCIAL
SECURITY,

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL

13
14

Defendant.

15        Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of the denial

16   of her application for Supplemental Security Income (SSI) benefits. Pursuant to 28 U.S.C. §

17   636(c), Fed. R. Civ. P. 73, and Local Rule MJR 13, the parties have consented to proceed before

18   the undersigned. After considering the record, the Court concludes that this matter must be

19   reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings

20   consistent with this Order.

21                                I.    BACKGROUND

22        Plaintiff applied for SSI on December 6, 2017. Administrative Record (AR) 15. Her

23   alleged date of disability onset is the same. AR 1437. ALJ Richard Geib held a hearing on

24

ORDER RE: SOCIAL SECURITY DISABILITY
APPEAL - 1

1    Plaintiff's claim in September 2019 (AR 32–69) and issued a decision finding her not disabled in

2    November 2019 (AR 12–31), which was subsequently reversed on appeal to this Court pursuant

3    to a stipulation by the parties (*see* AR 604–09). On remand, ALJ Geib held another hearing in

4    December 2021 (AR 542–75) and issued another decision in February 2022 (AR 617–41), which

5    was reversed on appeal to this Court by U.S. Magistrate Judge Theresa Fricke (AR 1511–26).

6    ALJ Vadim Mozyrsky ("the ALJ") held additional hearings on July 26, 2024 (AR 1461–82), and

7    January 17, 2025 (AR 1483–1503). The ALJ issued a decision denying benefits on February 28,

8    2025. AR 1434–60. Plaintiff did not file exceptions with the Appeals Council, making the ALJ's

9    decision the Commissioner's final decision subject to judicial review. *See* 20 C.F.R. §

10   416.1484(a). On May 22, 2025, Plaintiff filed a Complaint in this Court seeking judicial review

11   of the ALJ's decision. Dkt. 4.

## II.    STANDARD

13        Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of

14   benefits if, and only if, the ALJ's findings are based on legal error or not supported by

15   substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th

16   Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## III.    DISCUSSION

18        In her opening brief, Plaintiff contends the ALJ erred in (1) considering her subjective

19   testimony about her mental symptoms; (2) considering the medical opinion of Kris Hallenburg,

20   PhD; and (3) considering Plaintiff's fibromyalgia in formulating the Residual Functional

21   Capacity (RFC). Dkt. 9.

1

**A.      Mental Subjective Testimony**

2       Plaintiff testified that, as a result of her PTSD, she often disassociates, has periodic panic

3    attacks, and has social difficulties and avoids crowds. *See* AR 558–63, 1486–87, 1493. Where

4    (as is the case here) the ALJ finds Plaintiff has presented evidence of one or more impairments

5    which could be reasonably expected to cause her alleged symptoms and there is no affirmative

6    evidence of malingering, the ALJ must give specific, clear, and convincing reasons for

7    discounting Plaintiff's testimony. *Garrison v. Colvin*, 759 F.3d 995, 1014–15 (9th Cir. 2014)

8    (citing *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)).

9       In rejecting Plaintiff's testimony, the ALJ relied upon largely the same evidence as ALJ

10   Geib but added a new rationale for rejecting the testimony based on that evidence: while ALJ

11   Geib wrote that Plaintiff's "symptoms have improved," the ALJ wrote in his decision that, based

12   on the same evidence, Plaintiff "is functioning at a level that would allow her to perform work

13   within the above residual functional capacity." *See* AR 631, 1447. Judge Fricke found ALJ

14   Geib's improvement finding was an insufficient basis for rejecting Plaintiff's testimony because

15   "there is not substantial evidence that plaintiff's improvement reached such a point that she

16   would have an ability to work full-time." AR 1519. The law of the case doctrine precludes the

17   Court from reassessing this conclusion absent, among other things, new evidence. *See Stacy v.*

18   *Colvin*, 825 F.3d 563, 567 (9th Cir. 2016).

19      The ALJ considered some new evidence, but the new evidence cited by the ALJ does not

20   alter this conclusion. The ALJ relied on some additional evidence showing Plaintiff participated

21   in therapy sessions by "gain[ing] insight" into balancing parental responsibilities, she "responded

22   well" during those sessions, she presented as relaxed, and otherwise "gain[ed] insight into her

23   own situation." AR 1447. As Judge Fricke noted, there was ample evidence that despite

24

Plaintiff's engagement in therapy, her symptoms continued to be exacerbated during the relevant period—she spent time in a residential care facility and avoided certain medical appointments based on her PTSD. *See* AR 1518–19. That Plaintiff continued to respond well to therapy sessions does little to counter this conclusion.

Nor does the ALJ's additional rationale—that the level of improvement was consistent with the RFC (and ostensibly inconsistent with Plaintiff's testimony)—fare any better. The evidence relied upon by the ALJ showed Plaintiff engaged in therapy; that her memory was noted to be normal; that she had normal mood, affect, and speech; and that she displayed cooperative behavior. AR 1447. But Plaintiff did not testify to issues with memory, nor did she indicate she would not display cooperative behavior. And as Judge Fricke noted, many of the normal mental status examinations cited continued to corroborate allegations of anxiety, despite some indicating Plaintiff had a normal mood and affect. *See* AR 1522. Additionally, Plaintiff's alleged symptoms are cyclic and temporarily triggered, and evidence from isolated appointments is not necessarily inconsistent with such allegations. *See Garrison*, 759 F.3d at 1017 ("Cycles of improvement and debilitating symptoms are a common occurrence [with mental health issues], and in such circumstances it is error for an ALJ to pick out a few isolated instances of improvement over a period of months or years and to treat them as a basis for concluding a claimant is capable of working.").

In sum, the ALJ failed to provide specific, clear, and convincing reasons for rejecting Plaintiff's testimony. Defendant does not contend such an error would be harmless, so the Court reverses. *See Ferguson v. O'Malley*, 95 F.4th 1194, 1204 (9th Cir. 2024) ("The Commissioner does not contend that the ALJ's error was harmless. Consequently, we reverse the judgment[.]").

1    **B.    Dr. Hallenburg's Medical Opinion**

2        In August 2018, Dr. Hallenburg completed a medical opinion based on an examination of

3    Plaintiff. AR 371–77. Dr. Hallenburg opined Plaintiff had no limitations in her ability to perform

4    simple and repetitive tasks or perform work activities on a consistent basis without special or

5    additional instructions, but he opined Plaintiff's "level of anxiety would most likely interfere

6    [with] dealing with coworkers and the public," that "her PTSD symptoms may interrupt a normal

7    workweek and her ability to maintain regular attendance," and that "she would not be able to

8    deal with the usual stress in full time workplace positions." AR 376–77.

9        The ALJ found the opinion unpersuasive. AR 1448. For applications, like Plaintiff's,

10   filed after March 27, 2017, ALJs must evaluate the persuasiveness of the opinions submitted by

11   any medical source, considering each opinion's "supportability" and "consistency," and, under

12   some circumstances, other factors. *Woods v. Kijakazi*, 32 F.4th 785, 791 (9th Cir. 2022); 20

13   C.F.R. § 416.920c(b)–(c). Supportability concerns how a medical source supports a medical

14   opinion with relevant evidence, while consistency concerns how a medical opinion is consistent

15   with other evidence from medical and nonmedical sources. 20 C.F.R. § 416.920c(c)(1), (c)(2).

16       As Plaintiff notes, many of the reasons given by the ALJ for rejecting Dr. Hallenburg's

17   opinion are similar to those rejected by Judge Fricke. *See* AR 633, 1448–49, 1520–22. However,

18   the ALJ did discount the opinion for two reasons which were not considered by Judge Fricke or

19   relied upon by ALJ Geib: that the opinion was vague and that the stress-related limitation was

20   not supported. *See* AR 1448. The Court finds these were proper bases on which to reject the

21   opinion.

22       An opinion may be rejected where it fails to prescribe functional limitations. *See Ford v.*

23   *Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020) (upholding ALJ rejection of opinion where

24

1    "descriptions of [the claimant's] ability to perform in the workplace . . . were not useful because

2    they failed to specify [the claimant's] functional limits"); *Turner v. Comm'r of Soc. Sec.*, 613

3    F.3d 1217, 1223 (9th Cir. 2010) (upholding ALJ rejection of opinion that did not assign "any

4    specific limitations on the claimant"); *see also* 20 C.F.R. § 404.1513(a)(2) ("A medical opinion

5    is a statement . . . about what [a claimant] can still do despite [her] impairment(s) and whether

6    [she has] one or more impairment-related limitations or restrictions" in certain abilities.)

7          Here, the ALJ reasonably concluded Dr. Hallenburg's opinion was vague. Dr.

8    Hallenburg's statement that Plaintiff's anxiety "would most likely interfere" with her social

9    interactions did not indicate the extent to which this interference would occur. The ALJ limited

10   Plaintiff to work with occasional interaction, and Dr. Hallenburg's opinion does not suggest

11   Plaintiff would be further limited. Dr. Hallenburg's statement that Plaintiff "may" have her

12   workweek interrupted was an equivocal statement. *Cf. Rounds v. Comm'r Soc. Sec. Admin.*, 807

13   F.3d 996, 1006 (9th Cir. 2015) ("An ALJ may rationally rely on specific imperatives regarding a

14   claimant's limitations, rather than recommendations."). And Dr. Hallenburg's statement that

15   Plaintiff would be unable to deal with the usual stresses of a workplace did not specify whether

16   this would impede Plaintiff's ability to perform particular tasks. Suggesting it would not, Dr.

17   Hallenburg also found Plaintiff unlimited in her ability to perform work activities on a consistent

18   basis.

19          Even if Dr. Hallenburg's statement that Plaintiff would be unable to deal with usual

20   stresses was not vague, the ALJ properly found it unsupported because "Dr. Hallenburg did not

21   state which symptoms or identify any objective evidence to support the conclusion that the

22   claimant could not deal with usual stress." AR 1448. This was a proper basis to reject that

23   portion of the opinion. *See Ford*, 950 F.3d at 1154 ("The ALJ need not accept the opinion of any

24

physician . . . if that opinion is brief, conclusory, and inadequately supported by clinical

findings."). And the finding was supported by substantial evidence—Dr. Hallenburg did not

discuss Plaintiff's stress tolerance elsewhere in the opinion or provide any particular explanation

for that limitation. *See* AR 374–76.

In sum, the ALJ gave proper reasons supported by substantial evidence for discounting

Dr. Hallenburg's opinion. The Court need not consider the ALJ's remaining reasons for rejecting

the opinion because any error with respect to those reasons would be harmless. *See Molina v.*

*Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (error harmless if "there remains substantial

evidence supporting the ALJ's decision and the error does not negate the validity of the ALJ's

ultimate conclusion"); *see also Woods*, 32 F.4th at 792–93 (finding proper consideration of one

of supportability and consistency factors to be adequate basis to affirm).

## C.    RFC Assessment

Plaintiff argues the ALJ improperly evaluated her fibromyalgia in formulating the RFC.

Dkt. 8 at 15–17. The ALJ discussed Plaintiff's fibromyalgia and found it "does not prevent her

from performing work consistent with the above residual functional capacity." AR 1446.

Plaintiff does not challenge the ALJ's assessment of the medical evidence pertaining to her

fibromyalgia but, rather, argues the ALJ's explanation was inadequate because it did not explain

why her fibromyalgia impacted the RFC assessment. *See* Dkt. 15–17. She argues that (1) the

ALJ's failure to include specific limitations related to fibromyalgia contradicted his step two

finding that her fibromyalgia was a severe impairment and (2) such a failure violated SSR 96-8p.

*See id.* The Court disagrees on both points.

First, step two is a *de minimis* standard in which ambiguities are resolved in a claimant's

favor. *See Glanden v. Kijakazi*, 86 F.4th 838, 843–45 (9th Cir. 2023). An impairment is non-

1    severe if "the evidence establishes a slight abnormality that has no more than a minimal effect on

2    an individual's ability to work." *Id.* at 844 (citation omitted). Given step two's low bar, an

3    impairment can be found severe even if the evidence does not compel further limitations in the

4    RFC. *See Lacroix v. Barnhart*, 465 F.3d 881, 888 n.3 (8th Cir. 2006) ("Each step in the disability

5    determination entails a separate analysis and legal standard."); *Griffeth v. Comm'r of Soc. Sec.*,

6    217 F. App'x 425, 427–28 (6th Cir. 2007). Because Plaintiff has not shown her fibromyalgia

7    requires further limitations in the RFC, Plaintiff's argument fails. *See Bray v. Comm'r of Soc.*

8    *Sec. Admin.*, 554 F.3d 1219, 1228–29 (9th Cir. 2009) (rejecting argument that no limitations in

9    RFC conflicted with step two severity finding where claimant had not shown ALJ erred in

10   omitting limitations from severe impairment in RFC).[1]

11        Second, SSR 96-8p does not require an impairment-by-impairment RFC assessment. It

12   requires a narrative discussion of how the evidence supports each conclusion and an assessment

13   of an individual's ability to perform sustained work activities. The ALJ met that standard—he

14   formulated the RFC and discussed the medical evidence that supported and detracted from it. *See*

15   AR 1543–50; *see also* AR 1524 (Judge Fricke concluding the same). With respect to Plaintiff's

16   fibromyalgia, the ALJ discussed evidence related to Plaintiff's treatment regime and subsequent

17   improvement, and then concluded that her fibromyalgia would not require limitations beyond

18   those in the RFC. *See* AR 1446. SSR 96-8p requires no more than that—a discussion of the

19   evidence and a conclusion about the RFC.

20        //

21        //

22

23   _____
     [1] Plaintiff does describe some of her testimony related to her physical pain (Dkt. 9 at 16), but to the extent Plaintiff
     challenges the ALJ's assessment of such testimony, such a challenge is foreclosed by Judge Fricke's decision, which
24   affirmed the ALJ's consideration of Plaintiff's subjective testimony (*see* AR 1515–17).

1

## IV.   CONCLUSION

For the foregoing reasons, the Court **REVERSES** and **REMANDS** the decision pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Order.

Dated this 17th day of November, 2025.

David W. Christel
United States Magistrate Judge

ORDER RE: SOCIAL SECURITY DISABILITY
APPEAL - 9